**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0230-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN C. VANNESS, a/k/a
JOHN C. VAN NESS,

    Defendant-Appellant.

_____

Submitted March 5, 2025 – Decided April 28, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 13-01-0050 and 15-01-0057.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This matter returns to us following a remand to the Law Division for an evidentiary hearing on defendant John C. Vanness's petition for post-conviction relief (PCR).  State v. Vanness (Vanness IV), 474 N.J. Super. 609, 617 (App. Div. 2023).  On remand, the same PCR judge conducted a two-day testimonial hearing and thereafter denied defendant's petition in a twenty-two-page written decision and memorializing order.  On appeal, defendant renews his claims that trial counsel provided ineffective representation by rendering inaccurate advice about the sentencing consequences of his "open plea."  Defendant urges us to reverse, contending the PCR judge's findings are not supported by the record.  Having considered the record developed at the evidentiary hearing under our deferential standard of review, State v. Nash, 212 N.J. 518, 540 (2013), we disagree and affirm.

## I.

The protracted procedural history is detailed in our prior opinion, Vanness IV, 474 N.J. Super. at 617-23, and need not be reiterated here in the same level of detail.  We summarize the pertinent prior events and evidence adduced at the remand hearing.

In 2013, defendant was charged in two separate Monmouth County indictments with various third-degree theft-related offenses.  Id. at 617.  While

the first indictment remained pending, defendant was convicted of all charges presented to the jury on the second indictment.  Ibid.  Defendant failed to appear at sentencing, was later arrested and sentenced on his convictions under the second indictment, then charged in a third Monmouth County indictment with bail jumping.  Ibid.

On direct appeal, we reversed defendant's convictions under the second indictment and remanded for a new trial.  Ibid. (citing State v. Van Ness (Vanness I), 450 N.J. Super. 470, 496 (App. Div. 2017)).  On remand, another jury convicted defendant of all six offenses charged in the second indictment.  Id. at 618.  On December 14, 2018, defendant was sentenced to a five-year prison term with a two-and-one-half-year parole disqualifier.[1]  Ibid.

At some point prior to sentencing, the State offered a time-served sentence on the offenses charged in the first indictment to be imposed concurrently to the convictions under the second indictment and dismissal of the bail-jumping offense charged in the third indictment.  Ibid.  On the day of sentencing, the court held a plea cut-off conference concerning the offenses charged in the first

---

[1]  On direct appeal, we affirmed defendant's convictions under the second indictment but remanded for resentencing.  State v. Vanness (Vanness III), No. A-1901-18 (App. Div. Apr. 26, 2021).

indictment.  Ibid.  Defendant rejected the State's offer – a five-year term of imprisonment to be imposed consecutively to defendant's convictions under the second indictment.  Ibid.

The following month, prior to trial on the first indictment, "the State changed its offer to an 'open plea' to the offenses charged in [the first indictment], with dismissal of [the third indictment], and sentencing left to the court's discretion."  Ibid.  The State noted the court previously indicated it would "'strongly consider[ ]' imposing 'time-served.'"  Ibid. (alteration in original). Defendant rejected the State's offer.  Ibid.

Midway through trial, however, defendant pled guilty to the offenses charged in the first and third indictment.  Ibid.  According to the plea form, the State made no sentencing recommendation and defendant would seek a three-year prison term, without parole ineligibility, to be imposed concurrently to the sentence he was serving on the second indictment.  Ibid.

During the ensuing plea hearing, defendant acknowledged he discussed the terms of the plea agreement with his attorney and understood:  the trial court made "no promises" about the sentence it would impose; the court could impose the maximum term of imprisonment and parole ineligibility period; no

A-0230-23

"undisclosed promises" were made to induce him to plead guilty; and the State would seek a discretionary extended term prior to sentencing.  Id. at 619-20.

On March 29, 2019, the court granted the State's application for a discretionary extended term based on defendant's status as a persistent offender, N.J.S.A. 2C:44-3(a), and sentenced defendant to an aggregate term of nine years' imprisonment, with a four-year parole disqualifier on the first indictment.  Id. at 620.  The sentence was imposed concurrently to the five-year term of imprisonment imposed on the third indictment and the previously imposed sentence on the second indictment.  Ibid.

Defendant filed a direct appeal of his sentence and shortly thereafter a pro se petition for PCR asserting ineffective assistance of plea counsel.  Id. at 620-21.  The court dismissed defendant's PCR petition without prejudice pending disposition of his appeal.  Id. at 621.  We heard defendant's direct appeal on a sentencing calendar pursuant to Rule 2:9-11 and affirmed.  State v. Vanness (Vanness II), No. A-3645-18 (App. Div. Dec. 2, 2019).

In September 2020, defendant's PCR petition was reinstated and his assigned counsel filed a brief on defendant's behalf.  Vanness IV, 474 N.J. Super. at 621.  Defendant asserted plea counsel obtained a "backroom deal" for time-served conditioned upon defendant's "open plea."  Ibid.  Defendant claimed

plea counsel would corroborate his statements.  Ibid.  PCR counsel stated his attempts to contact plea counsel were unsuccessful.  Ibid.  PCR counsel clarified defendant could not say, "there's a side deal," but defendant relied on plea counsel's "guarantee" that he would "get a certain sentence."  Ibid.

On March 18, 2021, the PCR judge, who was not the trial judge, denied defendant's petition without a hearing.  Id. at 621-22.  The PCR judge concluded defendant's claims were unsupported and contrary to the record.  Id. at 622.  Defendant appealed pro se.[2]  Ibid.

Thereafter, plea counsel forwarded his certification to PCR counsel.  Ibid. In his May 5, 2021 certification, plea counsel asserted, after the matter was discussed in chambers, he told defendant if he entered an open plea "he would receive a three-flat offer."  Ibid.  "[B]ecause defendant was not sentenced accordingly, '[plea counsel] believe[d] his decision to plead was not knowing and voluntary.'"  Ibid.  In view of plea counsel's certification, PCR counsel filed a reconsideration motion on defendant's behalf.  Ibid.  The PCR judge denied the motion as untimely.  Ibid.

---

[2]  Ultimately, we dismissed defendant's appeal without prejudice while his ensuing motion for reconsideration was pending.  Vanness IV, 474 N.J. Super. at 622 n.5.

On appeal, we affirmed the PCR judge's finding that defendant's reconsideration motion was untimely filed but concluded defendant "[wa]s entitled a new PCR proceeding." Id. at 629. We reasoned "PCR counsel's representation was deficient" because he "had other available options that would have led to a timely-filed second PCR petition under Rule 3:22-12(a)(2)(B)." Ibid. We further concluded, "[b]ecause defendant's assertions against plea counsel [we]re now supported by the sworn statements of that same attorney," an evidentiary hearing was warranted. Ibid.

On remand, the same PCR judge conducted an evidentiary hearing in July 2023. Defendant testified on his own behalf and presented the testimony of plea counsel. The State did not call any witnesses. Several documents, including the plea agreement, plea counsel's certification, and transcripts, were moved into evidence by the parties.

Defendant testified initially he rejected a time-served plea offer because he "wasn't guilty of the charge" and wanted to proceed to trial. Defendant acknowledged he changed his mind in January 2019, after his mother died, so he could attend her funeral. He claimed plea counsel sought the same time-served offer from the State.

A-0230-23

Following an in-chambers conference with the prosecutor and court, plea counsel told defendant, "they want you to open plea." Defendant claimed when he rejected that disposition, plea counsel said he "got a wink-wink from the judge, a promise that [he was] going to get a three[-year] flat, time[-]served" sentence. Defendant surmised plea counsel "was trying to tell [him] that there was - - maybe there was some kind of backroom deal or some kind of promise." Defendant testified he "refused that" offer because he "d[id]n't want any promises. [He] want[ed] guarantees." He told plea counsel, absent a "guarantee" that he would receive a time-served sentence, he would "continue to go to trial." According to defendant, plea counsel returned to chambers, and later came back out and said, "I got it, I guarantee you." Defendant maintained he would not have open pled if his attorney had not guaranteed a three-year time-served sentence.

Acknowledging the court did not place the terms of the time-served agreement on the record during the plea hearing, defendant testified:

> [T]he funniest thing is that [the court] asked me did anybody promise you anything. I said no because to me a promise and a guarantee are completely two different things. And I said no, nobody promised me anything because I didn't accept the promise when [plea counsel] first came out. I said, "no." I didn't accept the wink-wink. I didn't accept any of that stuff. I don't believe

A-0230-23

in any of that stuff. What I believe is in guarantees, and that's what I wanted.

On cross-examination, defendant testified he did not mention the "backroom deal" during colloquy with the court at the plea hearing because his lawyer, not the court, "guaranteed" the time-served disposition. Defendant further claimed he said nothing about the plea deal because he was "thinking like a criminal" and understood the arrangement to be "hush-hush." Defendant reiterated he pled guilty because his mother died, "then [he] was eligible to go to [his] mother's funeral." He acknowledged during his sentencing hearing he told the judge, "I'm guilty of these crimes, so at this point I'm at your mercy, Your Honor." But he added his recollection "[wa]s very foggy" because "[his] mother [had] just passed away."

However, when questioned about certain statements in his PCR certification, defendant acknowledged he rejected the State's January 2019 plea offer because he would have been remanded to Florida for sentencing on charges pending in that state and he did not want to leave New Jersey while his mother was still alive. Defendant also acknowledged, in his certification, he admitted his mother died on January 25, 2019, "removing concerns over hardship from pleading guilty."

A-0230-23

Plea counsel's testimony largely corroborated defendant's account. Plea counsel confirmed he made a "backroom deal" with the trial court in chambers under which, if defendant entered an open plea, he would be sentenced to a three-year flat sentence. In view of defendant's jail credits, the "effect [was] a time-served offer."

However, plea counsel did not recall whether he used the term "guarantee" when conveying the offer to defendant. He thought he told defendant, "you can't guarantee anything in life, especially in the court." Plea counsel stated:

> I said to him, "trust me . . . I believe that the court will hold its word, that . . . [it] will give you a three flat." It seem[ed] perfectly reasonable to me because his offer had originally been time-served. Nobody really wanted to try these cases in the first place.
>
> . . . .
>
> I really don't think that he would have taken that plea if he didn't trust me. And I gave him my word in a sense that this is what was going to happen and I have experience in this and it wasn't my first rodeo. And . . . I felt like I breached his trust when the court decided to change its mind.

Plea counsel claimed he persuaded defendant that the offer "might be in his best interests."

On cross-examination, similar to defendant's testimony, plea counsel acknowledged the court's sentencing recommendation was not placed on the

record during the plea hearing. Plea counsel claimed, "[t]hat's not how these deals work." He did not recall whether the court "guaranteed" defendant would be sentenced to a three-year flat sentence. But plea counsel acknowledged defendant's ability under the plea agreement to "move for a three flat [wa]s not a statement guaranteeing a three flat." Ultimately, plea counsel asserted he "would not" and "did not misrepresent what went on in chambers to [his] client." Plea counsel confirmed defendant contacted him mid-trial to resolve the matter after his "[g]randmother or mother" died.

Following closing arguments, the PCR judge reserved decision and thereafter issued a written opinion. The judge recounted the pertinent facts and events. Turning to the remand hearing, the judge addressed defendant's ineffective assistance of counsel claim in view of the governing Strickland/Fritz[3] standard. The judge highlighted the relevant testimony of defendant and plea counsel, and found both lacked credibility.

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial).

A-0230-23

The PCR judge found defendant's testimony was contracted by the record and inaccurate in certain respects. The judge elaborated:

> The record is exceedingly clear in that there was no agreement between the State and [d]efendant, nor between . . . [d]efendant and the court. At sentencing, when asked if [d]efendant understood, he responded in the affirmative, when asked if there were any promises, undisclosed or otherwise, [d]efendant responded in the negative. Defendant's assertion that there was a "guarantee" is also contrary to what [plea counsel] testified to, as he stated that he told [d]efendant that there are no guarantees in life and especially no guarantees in [c]ourt.

The judge found plea counsel's testimony was contradicted by the record and his "inability to recall certain facts concerning the case such as the prosecutor's name, which one of [d]efendant's family member died, which trial went first, and answering multiple questions on cross-examination with '[i]f that is what the record reflects.'"

The PCR judge further noted defendant did not call the trial court or prosecutor to testify at the hearing. The judge placed significant emphasis on the plea record and defendant's acknowledgment there was no agreement or promise made to induce his guilty plea:

> Defendant acknowledged that he understood the terms of his plea on the record. Defendant was unambiguously told numerous times the terms of his open plea and answered that he understood.

12

Defendant's assertion that plea counsel misled [d]efendant by advising [d]efendant that if he pled open to the charges, he would receive a three-year sentence or time served is simply unfounded other than his and [plea counsel]'s testimony.

Quoting our Supreme Court's decision in State v. DiFrisco, 137 N.J. 434, 457-58 (1994), the judge nonetheless recognized, assuming arguendo the testimony of defendant and plea counsel were credible, "[e]rroneous sentencing predictions do not amount to constitutionally deficient performance under Strickland." The judge also found defendant failed to demonstrate prejudice. The judge was not convinced defendant demonstrated "a decision to reject the plea bargain would have been rational under the circumstances" pursuant to Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

The PCR judge concluded defendant "failed to produce evidence of [plea] counsel's ineffectiveness" as his "assertions [w]ere insufficient to refute the record that unambiguously detail[ed] the conditions of [d]efendant's open plea." Accordingly, the judge denied PCR.

On appeal, defendant argues the PCR judge's credibility findings were clearly erroneous and unsupported by credible evidence in the record. He maintains plea counsel misled and misadvised him concerning the sentencing consequences of his open plea. He further argues plea counsel's sentencing

representation "was not a 'prediction'" under DiFrisco, but "an outright misrepresentation of the . . . 'back[]room' deal [plea counsel] had negotiated in chambers." Accordingly, defendant argues his guilty "plea was not entered into knowingly, intelligently, and voluntarily."

## II.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." Nash, 212 N.J. at 540. When an evidentiary hearing has been held, we "will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). We review de novo the PCR court's legal conclusions. Nash, 212 N.J. at 540-41.

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla, 559 U.S. at 372).

To prove counsel's performance was deficient under the first Strickland prong, the defendant must demonstrate counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88; see also Fritz, 105 N.J. at 52. Prejudice under Strickland's second prong is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Fritz, 105 N.J. at 52. A defendant's failure to satisfy either prong of the Strickland/Fritz standard requires denial of the PCR petition. Strickland, 466 U.S. at 700; Fritz, 105 N.J. at 52.

"It is well established that the Strickland standard applies with equal force to assertions of ineffective assistance of counsel associated with the entry of guilty pleas as to trial derelictions." See Gaitan, 209 N.J. at 350-51. "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012).

"A defendant asserting plea counsel's assistance was ineffective may meet the first prong of the Strickland standard if the defendant can show counsel's

A-0230-23

representation fell short of the prevailing standards expected of criminal defense attorneys." Vanness IV, 474 N.J. Super. at 624; see also Padilla, 559 U.S. at 366-67. Accordingly, a defense attorney must not "provide misleading, material information that results in an uninformed plea." Gaitan, 209 N.J. at 353 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139-40 (2009)). "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." Id. at 351 (alteration in original) (quoting Nuñez-Valdéz, 200 N.J. at 139).

"It is well-settled that a plea must be entered into knowingly, intelligently, and voluntarily." State v. Antuna, 446 N.J. Super. 595, 601 (App. Div. 2016); see also State v. Johnson, 182 N.J. 232, 236 (2005). "Clarity as to the direct and penal consequences of a defendant's guilty plea promotes the binding resolution of charges because it serves to ensure that a defendant's 'expectations [are] reasonably grounded in the terms of the plea bargain.'" Johnson, 182 N.J. at 237 (alteration in original) (quoting State v. Marzolf, 79 N.J. 167, 183 (1979)). "For a plea to be knowing, intelligent and voluntary, the defendant must understand the nature of the charge and the consequences of the plea." Id. at 236. "[A] guilty plea entered without sufficient understanding of the penal consequences

is ordinarily invalid." State v. Jamgochian, 363 N.J. Super. 220, 225 (App. Div. 2003).

We have considered defendant's contentions in view of these governing legal principles, including the PCR judge's credibility findings, and cannot conclude the judge abused his discretion in denying PCR. The judge's findings are supported by the record.

As the PCR judge found, defendant's self-serving testimony was contradicted by his sworn statements during his plea colloquy with the trial court. The record reflects neither the court nor the State made any promises to defendant concerning the imposition of sentence. Defendant also acknowledged the State's repeated admonishments that it was not bound by a sentencing recommendation and would move for a discretionary extended term. In his statement during the sentencing hearing, defendant acknowledged he was at the court's "mercy." The record likewise supports the PCR judge's finding that plea counsel lacked credibility in view of his inability to recall pertinent information.

Moreover, defendant's contentions are circuitous. On one hand, defendant argues the PCR judge erroneously discredited plea counsel's testimony. On the other hand, defendant claims plea counsel misrepresented the backroom deal he

negotiated with the court even though plea counsel unequivocally testified he "would not" and "did not misrepresent" his in-chambers discussions.

Further, plea counsel told defendant there were no "guarantees" in court. Contrary to defendant's argument, he did not demonstrate plea counsel provided misleading information. As the PCR judge noted, taken at face value, plea counsel's sentencing representation was akin to a "prediction" which did not satisfy the first Strickland prong. See DiFrisco, 137 N.J. at 457-58.

Assuming for the sake of argument, defendant demonstrated plea counsel's performance was deficient, the record supports the judge's finding that defendant failed to satisfy the second Strickland prong. There is ample evidence in the record that after his mother died, defendant pled guilty so he could attend her funeral. Defendant has not demonstrated that but for counsel's alleged deficiency, he would have continued with the trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

18